STATE OF MAINE

YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-183
GAB - YOK - 2/23/2004

TARA LEBEL,                    )
                              )
            Plaintiff         )
                              )        **DEFAULT JUDGMENT WITH**
                              )        **FINDINGS OF FACT AND**
v.                            )        **CONCLUSIONS OF LAW**
                              )
ALBERT MARCHANT               )
PTY LTD., et al.,             )        DONALD L. GARRECHT
                              )        LAW LIBRARY
                              )
            Defendants        )        MAR 24 2004

After hearing and upon consideration, this Court enters the following default

judgment against Defendant Albert Marchant Pty Ltd., based upon the following findings

of fact and conclusions of law:

1.      This action was commenced on July 5, 2002, and the Court finds that the

Defendant was properly served pursuant to Letters Rogatory and the laws of Australia, on

June 4, 2003.

2.      Despite the lapse of more than 50 days from the date of service, the

Defendant has failed to appear or otherwise defend, resulting in entry of default under

Rule 55 of the Maine Rules of Civil Procedure.

3.      The Court finds further that a hearing was convened for the purposes of

determination of damages and entry of final judgment on February 18, 2004, and that due

and adequate notice in advance of this hearing was provided directly to the Defendant at

its mailing address noted on the civil cover sheet. The Court finds further that the

Defendant received adequate notice and opportunity to be heard on this matter, but did not appear.

4.    The Court finds further that it has jurisdiction over the Defendant, a foreign corporation organized under the laws of Australia, on the basis of testimony received in Court at the hearing relating to the interactive, commercial nature of the Defendant's website in issue, and its impact on this Plaintiff in the locality of this forum, where the subject website can be accessed. In addition, based upon Defendant's transaction of business by the solicitation of payment of funds by cash or credit cards, convertible to U.S. dollars, on the website, and under the further guidance of the decision of the High Court of Australia in Dow Jones & Company, Inc. v. Gutnick [2002] HCA 56 (10 December 2002), this Court finds further adequate basis supporting jurisdiction. Personal jurisdiction rests upon the State of Maine long-arm statute, 14 M.R.S.A. § 704-A, which is co-extensive with the constitutional limits of due process under the United States Constitution, and by analogy commensurate with international standards for jurisdiction over Internet activity, as endorsed by example in the referenced decision of the High Court of Australia.

5.    The Court finds as true each of the facts set forth in Plaintiff's Complaint in this matter.

6.    By way of further findings of fact, this Court finds that Defendant was on sufficient and adequate notice at least as of June of 2002 that the subject publication of the photograph of Plaintiff was without her consent, that the subject photograph may have been stolen or submitted without her knowledge, and that continued publication

2

caused reputational injury and emotional harm. This Court finds that Defendants' agent, duly authorized, responded to this notice and request for revocation of the photograph by falsely representing that the photograph would be removed from the site. This Court finds that the photograph was not removed from the site, or was otherwise returned to the site in a manner clearly inconsistent with Defendant's agent's representations, to result in a continuing publication.

7. Based upon the testimony of Plaintiff Tara Lebel, she has suffered ongoing and irreparable reputational injury and emotional harm in significant measure.

8. Further, this Court finds that the Defendants' conduct was with express or implied malice toward the Plaintiff. Malice is express or implied by Defendant's failure of adequate corporate safeguards and protocol to prevent the publication or re-publication of photographs that invade privacy or result in commercial misappropriation of a person's name, likeness, or image; and the Defendants' conduct was engaged in with express malice in deliberate disregard to the nature of the ongoing harm or violation that would be inflicted upon Plaintiff by continued publication or re-publication, and resulting in widespread publicity.

9. The Court finds that the Plaintiff is a private individual who has received no recompense for the Defendant's commercial misappropriation of her name, likeness or image, and due to the private and intimate nature of the photograph in issue is entitled to a significant award of common law damages.

3

## CONCLUSIONS OF LAW

1.     The Defendants' conduct constitutes the tort of invasion of privacy for appropriation for the Defendants' own use or benefit the likeness of the Plaintiff in the form of the subject photograph, for commercial advantage. Complaint, Count I.

2.     The Defendants' conduct constitutes the common law tort of invasion of privacy, involving the public disclosure of private matters, including continuous, wide-ranging and world-wide publicity of truly private subject matter. Complaint, Count II.

3.     Defendants' conduct constitutes the tort of invasion of privacy by giving publicity to a matter concerning the Plaintiff that places her before the public in a false light, expressly or impliedly stating that Plaintiff gave permission or consent to the posting of the photograph on Defendants' website, and that Plaintiff agreed with or endorsed the general other subject matter or commercial ventures of Defendants' website. Complaint, Count III.

4.     The Defendants' conduct constitutes the common law tort of invasion of privacy, intrusion on seclusion, under circumstances where the photograph in issue of the Plaintiff was taken privately, on private premises, to which she had a reasonable expectation of privacy. Complaint, Count IV.

5.     The Defendant's conduct gives rise to the tort of intentional infliction of emotional distress and conversion, as alleged in the Complaint, Counts V & VI.

6.     The Defendants' conduct gives rise to each of the elements justifying an award of punitive damages.

WHEREFORE, this Court awards judgment on Plaintiff's Complaint in the following amounts:

A.     Defendant Albert Marchant Pty. Ltd. is liable to Plaintiff Tara Lebel for compensatory damages in the amount of $ $250,000 — .

B.     Defendant Albert Marchant Pty. Ltd. is liable to Plaintiff Tara Lebel for punitive and exemplary damages in the amount of $ $250,000 — .

C.     Plaintiff Tara Lebel is awarded costs and pre-judgment interest and post-judgment interest on all damages against Defendant Albert Marchant Pty Ltd., pursuant to statute, 14 M.R.S.A. §§ 1602 and 1602-A, and other applicable laws and rules of this Court.    Pre-Judgment interest at the rate of 3.21%.    Post-Judgment interest at the rate of 7.28%.

D.     Final judgment is entered against Albert Marchant Pty Ltd. accordingly.

Dated:                         2/23/04 —  _____
                                          Justice, Superior Court

PLAINTIFF:
Russell Pierce, Esq.
NORMAN HANSON AND DETROY


DEFENDANT:
Defaulted

5